USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MELVIN PETERS,
                        Plaintiff,

              -against-

THE DEPARTMENT OF CORRECTIONS OF
NEW YORK CITY, et al.,
                        Defendants.
------------------------------------------------------------- X

11 Civ. 4628 (LGS)

OPINION & ORDER

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Melvin Peters brings suit against the New York City Department of Corrections ("DOC"), former DOC Commissioner Dora Schriro, Assistant Deputy Warden Maria Texeira, Correction Officer Trevor Chambers and Correction Officer Vincent Niemiec pursuant to 42 U.S.C. § 1983. Liberally construed, his Amended Complaint alleges excessive force, deliberate indifference to his medical needs and false testimony at trial. Defendants move for summary judgment on all claims other than any excessive force claim against Defendant Chambers. Despite being given repeated extensions, Plaintiff has not responded to Defendants' motion. For the reasons below, Defendants' unopposed motion is granted in its entirety.

I.     BACKGROUND

      The facts are taken from Defendants' statement pursuant to Local Rule 56.1 and the exhibits submitted in connection with the motion.

      On the morning of June 17, 2009, Plaintiff was to appear at the Manhattan Criminal Court in a then-pending criminal case. Defendant Niemiec was charged with escorting inmates from the holding areas to their respective court appearances. At around 8:50 a.m., Defendant Niemiec was escorting a group of approximately ten inmates, including Plaintiff, to a holding cell.

According to Plaintiff's deposition in the present case, he suffers from asthma and felt unwell that morning. Plaintiff had two asthma inhalers with him at the time. He also had a walking cane. When he complained about not feeling well to the correctional officer who first received him at the courthouse, Plaintiff was told to inform another officer. After Defendant Niemiec arrived, Plaintiff told Defendant Niemiec, "I don't feel good." Defendant Niemiec told him he would be alright and continued escorting Plaintiff and the other inmates to the pen. At this point, Plaintiff had not used his asthma inhaler because he did not know whether his illness was related to asthma or a buildup of gas. Plaintiff did not tell Defendant Niemiec that he had asthma.

Plaintiff requested medical attention from Defendant Niemiec again. In response, Defendant Niemiec handcuffed Plaintiff's left wrist, brought him out of his cell and around the corner, took Plaintiff's cane and struck Plaintiff with the cane twice. While Plaintiff was being struck, he was attempting to use his inhaler to no effect. Plaintiff fell against the wall and then slid to the floor where Defendant Niemiec kicked him.

Within a few seconds of Defendant Niemiec hitting Plaintiff, Defendant Chambers and Defendant Texeira arrived. Defendant Chambers kicked and stomped on Plaintiff. Defendant Texeira discharged "mace" at Plaintiff, which completely missed him and hit the other Defendants instead. A few seconds later, a probe team arrived, handcuffed Plaintiff and removed him. The whole encounter, from when Plaintiff was struck with the cane to when the probe team took him away, lasted 15 to 20 seconds.

The probe team took Plaintiff to the clinic, where he received oxygen. He was then transferred to Bellevue Hospital.

Defendant Niemiec has a different version of events, based on which Plaintiff was indicted and subsequently convicted of assaulting Defendant Niemiec. At Plaintiff's criminal trial for the charges of attempted murder and assault of Defendant Niemiec, Defendant Niemiec testified that on the morning of June 17, 2009, just as he was escorting Plaintiff into a holding cell, Plaintiff said he needed to go to the bathroom. Defendant Niemiec told Plaintiff to use the bathroom in the cell he was being placed in. Plaintiff objected, and Defendant Niemiec insisted that Plaintiff would have to use the bathroom in his cell. According to Defendant Niemiec's testimony, Plaintiff shouted, "I already got a body, you'll make number two," lunged out of the cell, grabbed Defendant Niemiec by the throat and pushed him against the wall. In an attempt to free himself, Defendant Niemiec wrestled with Plaintiff until they fell to the floor. That is how Defendant Texeira found the two before ordering Plaintiff to stop his assault and pepper sprayed him.

At the trial, Plaintiff provided the same version of events he provided in his deposition in the present case. He stated that he never placed his hands on Defendant Niemiec, and that while he was being hit, he just covered his head and "balled up."

On November 29, 2011, the jury acquitted Plaintiff of attempted murder, but convicted him of the assault charges. For one of the assault charges, the jury was required to find that Plaintiff had injured Defendant Niemiec with the intent to prevent him "from performing a lawful duty."

In the meantime, on June 16, 2011, Plaintiff filed the Complaint in this action, which he amended on July 9, 2012, to add what appear to be claims for deliberate indifference to medical needs and providing false testimony at trial as to Defendant Niemiec.

Defendants filed the present motion on June 16, 2014. Plaintiff's response was initially due on July 18, 2014. On July 28, 2014, at Plaintiff's request, Plaintiff was granted until September 3, 2014, to respond to the motion. On September 10, 2014, and again at Plaintiff's request, he was granted a further extension until October 3, 2014, to respond to the motion. On October 15, 2014, Plaintiff was granted a sua sponte extension of up to November 26, 2014, to respond to the motion. The Court informed him that it was his last opportunity to respond to the motion. Plaintiff never filed a response. On January 12, 2015, Defendants' motion was deemed fully briefed, and Plaintiff was given until January 26, 2015, to inform the Court if he wished to continue prosecuting the case. He was also informed that the failure to respond may result in dismissal of the case for failure to prosecute. Plaintiff has again failed to respond to the Court's order.

## II.     LEGAL STANDARD

The standard for summary judgment is well established. Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *See id.* at 255.

A "non-response" entitles a court to deem any "unresponded-to statements of undisputed facts proffered by the movant [as] . . . admitted." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). However, even "when a party . . . fails to respond to an opponent's motion for summary judgment, a district court . . . must examine the movant's statement of undisputed facts

4

and the proffered record support and determine whether the movant is entitled to summary judgment." *Id.* at 197.

## III. DISCUSSION

Defendants meet their burden of showing that they are entitled to judgment as a matter of law on all of Plaintiff's possible claims except the excessive force claim against Defendant Chambers, which is not a part of their motion. Accordingly, Defendants' motion for summary judgment is granted.

As an initial matter, any claims against Defendant Texeira are dismissed because, by Plaintiff's own account, Defendant Texeira did not cause him any injury. Further, any false testimony claim against Defendant Niemiec fails as a matter of law because in § 1983 cases "witnesses are absolutely immune from damages liability based on their testimony" in a prior criminal trial. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

### A. Claims Against Defendant Schriro

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[M]ere linkage in the prison chain of command is insufficient to implicate . . . a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (citations and internal quotation marks omitted). There is no evidence in the record beyond the mere chain of command to link Defendant Schriro, who was then Commissioner of the DOC, to any injury Plaintiff suffered. Accordingly, any claim against Defendant Schriro is dismissed.

### B. Claims Against DOC

The DOC, as an agency of New York City, "lack[s] the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008). Accordingly, any claims against the DOC are dismissed.

The City may be substituted for the DOC as the proper defendant. *See, e.g.*, *Woodward v. Morgenthau*, 740 F. Supp. 2d 433, 440 (S.D.N.Y. 2010). However, any claims against the City would also be unsuccessful.

In *Monell v. Department of Social Services*, the Supreme Court held that a plaintiff could bring suit against a local government or municipality such as the City under § 1983 if the injury complained of resulted from the "execution of a government's policy or custom, . . . [which] may fairly be said to represent official policy." 436 U.S. 658, 694 (1978). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Because there is no evidence that any of Plaintiff's injuries resulted from a municipal policy or custom, even if the City were substituted for the DOC, it would be entitled to summary judgment.

### C. Excessive Force Claims Against Defendant Niemiec

Any claims of excessive force against Defendant Niemiec are barred under the doctrine of collateral estoppel.

"Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party." *Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) (citations and internal quotation marks omitted). "[T]he jury's return of a guilty verdict in state court for . . . assault on a police officer does not necessarily preclude a subsequent claim of excessive force in federal court." *Sullivan v.*

*Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000).  However, "a prior conviction . . . *may* preclude a subsequent excessive force claim where 'facts actually determined in [the] criminal conviction that were necessary to the judgment of conviction are incompatible with the claim of excessive force being raised in the civil suit.'"  *Tracy*, 623 F.3d at 99 (second alteration in original) (quoting *Sullivan*, 225 F.3d at 166).

    Allowing the present action to proceed would require the relitigation of an issue decided against Plaintiff.  At his criminal trial for attempted murder and assault – and again on this motion – Plaintiff and Defendant Niemiec presented radically different versions of the events of June 17, 2009.  According to Plaintiff, Defendant Niemiec attacked him without justification, and Plaintiff did not strike back.  According to Defendant Niemiec, Plaintiff attacked him unprovoked.  In finding beyond a reasonable doubt that Plaintiff assaulted Defendant Niemiec with the intent to prevent him from performing a legal duty, the jury in the criminal case necessarily rejected Plaintiff's version of events.  Allowing Plaintiff's claim of excessive force against Defendant Niemiec to proceed would present an "inherent conflict" with Plaintiff's conviction for assault.  *See id.* at 100.  Accordingly, any claims of excessive force against Defendant Niemiec are dismissed.

### D.  Deliberate Indifference to Medical Needs

    "[A] person detained prior to conviction receives protection against mistreatment at the hands of prison officials," including deliberate indifference to serious medical needs, "under the . . . Due Process Clause of the Fourteenth Amendment if held in state custody."  *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009).  To succeed on a claim for deliberate indifference to serious medical needs, Plaintiff must show that he "had a serious medical condition and that it was met with deliberate indifference."  *Id.* at 72 (internal quotation marks omitted).  To show

7

deliberate indifference, Plaintiff must offer evidence to show that Defendants "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, even assuming that Plaintiff's asthma was a serious medical condition, no reasonable jury could conclude that Defendants were deliberately indifferent to Plaintiff's medical needs. First, by Plaintiff's own account, he never informed any Defendants that he had asthma and therefore Defendants were not on notice that Plaintiff had any serious medical condition. Second, even Plaintiff was not sure that his illness that morning was due to asthma; he thought it could have been just gas. Third, even if Defendant Niemiec is assumed to have known about Plaintiff's asthma because Plaintiff claims he was using his inhaler while being struck, any deprivation of medical attention lasted about 20 seconds, after which Plaintiff was taken to the clinic and given oxygen. Such a short delay in providing medical attention cannot sustain a claim for deliberate indifference to serious medical needs because it is "minor and inconsequential." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

Accordingly, Defendants are granted summary judgment on any claims for deliberate indifference to serious medical needs.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The only remaining claim that will move forward to trial – unless the case is dismissed for failure to prosecute – is Plaintiff's excessive force claim against Defendant Chambers.

Plaintiff is directed to explain why this case should not be dismissed for failure to prosecute no later than **February 26, 2015**. Plaintiff is advised that failing to respond to this Order **will result in dismissal of the case**.

The Clerk of Court is directed to close the motion at Dkt. No. 66, and to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: February 5, 2015
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**