USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MELVIN PETERS,                                                :
                              Plaintiff,                      :
                                                              :     11 Civ. 4628 (LGS)
            -against-                                         :
                                                              :     OPINION & ORDER
THE DEPARTMENT OF CORRECTIONS OF                              :
NEW YORK CITY, et al.,                                        :
                              Defendants.                     :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

  In an Amended Complaint (the "Complaint") filed on July 9, 2012, pro se plaintiff Melvin Peters brought suit against the New York City Department of Corrections ("DOC"), former DOC Commissioner Dora Schriro, Assistant Deputy Warden Maria Texeira, Correction Officer Trevor Chambers and Correction Officer Vincent Niemiec pursuant to 42 U.S.C. § 1983. Liberally construed, the Complaint alleges excessive force, deliberate indifference to medical needs and false testimony at trial. Familiarity with the facts and the procedural history of this case is assumed. *See Peters v. Dep't of Corr. of N.Y.C.*, No. 11 Civ. 4628, 2015 WL 506754 (S.D.N.Y. Feb. 5, 2015). Facts are recounted only to the extent necessary for the discussion below.

  On June 16, 2014, Defendants filed a motion for summary judgment on all claims except any excessive force claim against Defendant Chambers. Plaintiff's response was initially due on July 18, 2014. By letter dated July 11, 2014, which was docketed on July 25, 2014, Plaintiff requested that the case be "put over" until after December 14, 2014, and that he be granted an extension of one month and one week to respond to the motion. On July 28, 2014, Plaintiff's application was granted in part and his deadline for responding to Defendants' motion was extended from July 18, 2014, until September 3, 2014. By letter dated August 28, 2014, which the Court's pro se office received on September 10, 2014, Plaintiff requested a further extension

of time to respond to the motion. On consent of Defendants, on September 10, 2014, Plaintiff was granted a further extension until October 3, 2014, to respond to the motion. Plaintiff failed to file his response or request an extension. With the observation that "Plaintiff ha[d] repeatedly expressed his desire to oppose the Defendants' motion," on October 15, 2014, Plaintiff was granted a further extension sua sponte until November 26, 2014, to respond to the motion. Plaintiff was warned that this was his last opportunity to respond to the motion. Plaintiff did not respond.

By order dated January 12, 2015 (the "January 12 Order"), Defendants' motion was deemed fully briefed, and Plaintiff was given until January 26, 2015, to inform the Court if he wished to continue prosecuting the case. The order advised Plaintiff that failure to respond could result in dismissal of the case for failure to prosecute. Plaintiff again failed to respond. By Opinion & Order dated February 5, 2015 (the "February 5 Order"), Defendants' unopposed motion for partial summary judgment was granted, and Plaintiff was "directed to explain why this case should not be dismissed for failure to prosecute no later than February 26, 2015." Plaintiff was further "advised that failing to respond to [the] Order **will result in dismissal of the case**." Plaintiff again filed no response. As of the date of this Opinion, Plaintiff's last communication with the Court was more than six months ago by letter dated August 28, 2014.

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by

further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Even where a plaintiff fails to comply with a court order that warns of possible dismissal, "the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault'" by evaluating these factors. *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). A pro se litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *Id.* (internal citation removed).

Even though "[n]o single factor is generally dispositive," each of the five factors articulated in *Baptiste* supports dismissal in the present case. *Id.* at 216. First, despite multiple extensions spanning many months, including one granted sua sponte by the Court, Plaintiff failed to file any response to Defendants' motion. Plaintiff also ignored two orders directing him to explain why the case should not be dismissed. The response to the January 12 Order is now approximately two months overdue, and the response to the February 5 Order is approximately one month overdue. Second, Plaintiff has had two notices of possible dismissal for failure to prosecute. The January 12 Order stated that his failure to respond "may result in dismissal," and the February 5 Order explicitly stated that failure to respond "will result in dismissal." Third, the remaining defendant in the case has had the threat of a possible judgment hanging over him for more than three years with no opportunity to defend and seek an end to the litigation. The other defendants who were dismissed at summary judgment were already needlessly prejudiced by the extended pendency of their meritorious motion while the Court waited many months for a response from Plaintiff. Fourth, Plaintiff has been given multiple opportunities and "ample time

to inform the Court that he stood ready to press his claims" in an effort to strike a balance between the Court's docket and Plaintiff's right to be heard.  *Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177-78 (2d Cir. 2008).  Fifth, sanctions less extreme than dismissal are inappropriate given that Plaintiff has been completely uncommunicative with the Court for over six months despite orders notifying him of possible and certain dismissal.

Finally, Plaintiff's failure to comply with the January 12 Order, the February 5 Order and the various orders granting extensions during the pendency of Defendants' motion apparently has been willful as the Clerk in each case was directed to mail the Court's communications to Plaintiff's last provided address, which Plaintiff has an obligation to update.  At the outset of this case, by letter dated July 29, 2011, the Clerk of Court advised Plaintiff that he "must immediately notify the Court of any change of address by submitting a letter to the pro se office or [he] may risk dismissal" of his case.

Because the circumstances of the present case are sufficiently extreme, this case is DISMISSED, without prejudice, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Failure to resuscitate this case within 30 days of this order will lead to dismissal with prejudice.

The Clerk of Court is directed to close this case, and mail a copy of this Opinion & Order to the pro se Plaintiff.

SO ORDERED.

Dated: March 23, 2015
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE